### Conaway *v.* Carpenter et ux.

MORTGAGE.—*Foreclosure.*—*Pleading.*—*Defence.*—*Counter-Claim.*—*Payment.*— *Redemption.*—In an action to foreclose a mortgage, in form a deed absolute, given to secure the payment of a debt, the defendant answered, alleging that he had "overpaid said indebtedness," in a certain sum, and

praying judgment therefor, and that such "deed may be declared a mortgage," and adjudged satisfied.

*Held,* on demurrer, that such answer is not a complaint to redeem, but is sufficient as a counter-claim, for the satisfaction of the mortgage.

*Held,* also, that the sufficiency of such counter-claim is to be determined by its own allegations, and not by reference to another paragraph of answer, which simply alleges payment.

SAME.—*Promissory Note.*—In an action on a promissory note, the plaintiff is entitled, in the absence of evidence to the contrary, to recover the full amount of the note, including any legal interest therein provided for.

From the Ohio Circuit Court.

*L. N. Pattison, D. T. Downey* and *H. S. Downey,* for appellant.

*J. D. Haynes* and *J. K. Thompson,* for appellees.

WORDEN, J.—Action by the appellant, against the appellees, to foreclose a certain mortgage executed in the form of a deed, absolute on its face, to secure the payment of two promissory notes, executed by the defendant Jonathan Carpenter, to the plaintiff.

The notes amount, on their face, to $2,474, besides interest, and, at the time of their execution, the plaintiff executed to the defendant Jonathan a bond stipulating for the reconveyance of the land upon the payment of the notes.

The defendants answered in several paragraphs, setting up, among other things, payment.

The third paragraph of the answer we construe to be a counter-claim. It sets up, among a variety of other things, that the defendants "have overpaid said indebtedness in the sum of two thousand dollars, for which they pray judgment, and that the deed may be declared a mortgage, and be adjudged, declared and decreed cancelled and satisfied, and for all relief to which they may be entitled."

The plaintiff demurred to the counter-claim, for want of sufficient facts, but the demurrer was overruled, and the plaintiff excepted.

Issues were formed, and the cause submitted for trial to the court, who found for the plaintiff in the sum of one thousand and nine dollars and forty-two cents, and rendered judgment

accordingly. The plaintiff moved for a new trial, for the cause, among others, that the court had erred in assessing the amount of his recovery, it being for too small a sum, but the motion was overruled, and exception taken.

The errors assigned call in question the correctness of the ruling of the court on the demurrer, and in overruling the motion for a new trial.

It is objected, that the counter-claim is in the nature of a complaint to redeem, and bad for not containing an offer to pay what might be found due. Doubtless, had that been the character of the pleading, the offer would have been necessary. *Kemp* v. *Mitchell*, 36 Ind. 249. But we do not regard the pleading as claiming the right, or asking the privilege, of redeeming.

It goes, so far as its allegations above noticed are concerned, upon the theory that the debt has been fully paid and overpaid, and asks that the mortgage be decreed " satisfied."

It is also suggested, that the allegation of payment or overpayment should not be regarded as having much importance, inasmuch as there was a paragraph of answer setting up payment.

The two paragraphs must not be confounded.

The paragraph of answer setting up payment went simply in bar of the action. The counter-claim was not plead in bar of the action. It alleged facts entitling the defendants to affirmative relief, and they prayed such relief, viz.: a decree that the mortgage be satisfied.

Without the counter-claim, the plaintiff might have dismissed his action at any time before the finding of the court was announced, and thereby have deprived the defendants of the benefit of any evidence they had offered in support of their answer of payment, and have afterward brought another action of the same cause. But the counter-claim having been filed, the dismissal of the original action would not have taken out the counter-claim; and the defendants in the original action could have gone on with the trial of their

counter-claim, and, if successful therein, could have had a judgment, that the mortgage was satisfied, which would have barred another action to foreclose.   2 R. S. 1876, pp. 184–5, secs. 363–5.

The fact, that the defendants had set up payment in a paragraph of answer, is of no importance whatever, in determining the sufficiency of the counter-claim.   And we think the allegation in the counter-claim, that the defendants had overpaid the indebtedness, was sufficient to make it good on demurrer, without reference to other matters therein.

If there was any uncertainty as to the time or mode of payment, the defendants might have been required by motion to have made the allegation more certain,

We have not examined the other allegations of the counter-claim, with a view to determine the sufficiency thereof, but are of opinion, that, upon the ground stated, it was good, and that the court did not err in overruling the demurrer.

We come to the motion for a new trial.   It would subserve no useful purpose to set out the evidence in the cause, or to try to condense it.   We are not satisfied that justice has been done, as it seems to us, from the evidence, that the plaintiff was entitled to more than he recovered.   *Prima facie*, the plaintiff was entitled to recover the amount of his notes and interest, making proper deductions for payments; and we find nothing in the evidence showing payment, mistake, want of consideration, or otherwise, that should, in our opinion, reduce the plaintiff's claim down to as low a sum as that recovered.

The judgment below is reversed, with costs, and the cause remanded for a new trial.