Nesbit *v.* Hanway *et al.*

---

No. 9797.

NESBIT *v.* HANWAY ET AL.

REDEMPTION.—*Mortgage.*—*Sheriff's Sale.*—One who has purchased mortgaged lands at a sheriff's sale, if not made a party to a suit to foreclose brought before his right to a sheriff's deed matures, may, after his title matures, redeem.

SAME.—*Pleading.*—*Tender.*—In such case the complaint to redeem need not aver a tender or offer to pay the money necessary to redeem; but it is sufficient, where an accounting of rents is also sought, to allege that the plaintiff is ready and willing to redeem when the amount necessary to be paid therefor shall be ascertained, and intends so to do, and that he has demanded an accounting which was refused.

SAME.—*Sale of Lands in Solido.*—Where a sheriff first offers separate tracts of lands on execution in parcels, and receives no bids, he may then offer and sell *in solido.*

From the Superior Court of Marion County.

*W. W. Woollen,* for appellant.

*B. Harrison, C. C. Hines, W. H. H. Miller, J. Hanna, F. Knefler* and *J. S. Berryhill,* for appellees.

FRANKLIN, C.—The appellant instituted this suit to re-deem certain real estate, and for an accounting of the rents and profits of the same, the substantial facts in relation to which are as follows: On the 10th day of May, 1873, one William T. Nesbit, being the owner of the real estate described in the complaint, executed a mortgage thereon to the appellee, the "Thames Loan and Trust Company;" to secure a loan of $1,500, payable in five years thereafter; that, on the 23d day of March, 1876, the said William T. Nesbit borrowed from the "Indiana National Bank, of Indianapolis," the sum of $500, and executed his note therefor to the said bank, with this appellant, Joseph A. Nesbit, and one William A. Evans, as sureties thereon; that said note was not paid at maturity; and, on the 22d day of August, 1876, the bank brought suit on said note against all the parties thereto, and on the 13th of October thereafter, recovered judgment thereon for $516, with a finding that said appellant and said Evans were sureties on said note, and an order that the property of the principal should be exhausted before levying upon the property of the sureties; that, after proper notice, the sheriff, on the 15th day of December, 1877, sold all of said real estate to the appellant for the sum of $300, who paid the amount of the bid to said sheriff and received a certificate of the sale of said property so sold; and, on the 9th day of February, 1878, the appellant, as such surety, paid to said sheriff the further sum of $340.50, that being the balance due on said execution; that a return was made on the execution in accordance with the facts aforesaid, which return was duly recorded in the clerk's office of said court; that thereafter, on the 20th day of July, 1878, the "Thames Loan and Trust Company" commenced a suit to foreclose said mortgage by

said William T. Nesbit on the property described in the complaint, and, on the 26th day of November, 1878, a decree of foreclosure was rendered for the sum of $1,723.93; on the 28th day of December, 1878, said property was sold by the sheriff, under the decree aforesaid, to the trustee of said "Thames Loan and Trust Company" for the amount of said decree; that he received a certificate of sale therefor; that there was no redemption from said sale, and a deed was executed to the holder of said certificate, who afterwards sold and conveyed the said real estate to one of the appellees, Mary F. Hanway, who was the wife of the other appellee, Samuel Hanway. The appellant, Joseph A. Nesbit, was not a party to the foreclosure proceedings, and had no notice whatever of any kind of the pendency of said suit until after the said mortgagee had received the sheriff's deed for said property. A demurrer to the complaint, alleging the foregoing facts, was sustained, and upon the action of the court in sustaining said demurrer error was assigned in the general term of the court below.

The error assigned in this court is the affirming in general term of the judgment in special term. The only question presented is, can the appellant redeem from the sale made under the foreclosure proceedings? The first objection made to the complaint is that it does not contain a sufficient averment of an offer to pay the redemption money.

The averments in the complaint are that if he had been made a party to said foreclosure proceedings, and notified of the pendency thereof, he would have paid off said mortgage and redeemed the land therefrom; and " that at all times since discovering that said real estate had been sold under said foreclosure, he has been ready, willing and desirous of making said redemption, and would have made a tender of the money necessary for the redemption, but for the fact that he has been unable to ascertain how much money was necessary, and to whom that amount should be tendered, to make such redemp-

tion; and that he is yet ready, willing and desirous to, and will make said redemption whenever the amount of money necessary to redeem the said real estate shall be determined, and to whom said amount of money shall be paid by him to make such redemption;" that before the bringing of this suit he demanded of defendants an accounting of the rents, which they failed to furnish. The complaint prays for an accounting of the rents, improvements, and amount due on the mortgage, "that the plaintiff may be declared entitled to redeem the said real estate upon the payment of what, if anything, shall be found remaining due to said defendants, or either of them," and upon the payment thereof said plaintiff's title to said real estate be quieted, that he have possession of the same, and for general relief.

In support of the objection to these averments we have been referred to the cases of *Kemp* v. *Mitchell*, 36 Ind. 249, and *Conaway* v. *Carpenter*, 58 Ind. 477. The latter case was not a suit for redemption, but for satisfaction of the judgment, though in that case the former case is approvingly referred to. In the former case it was held that a complaint to redeem, in order to be good, must contain an averment of a readiness to pay, or an offer to pay. We think these averments bring this case within the reasoning of the case of *Kemp* v. *Mitchell, supra,* and are sufficient upon the subject of an offer or readiness to pay.

It is further objected that the complaint shows that the land was sold on the execution by the sheriff *in solido,* and not in separate parcels; that the sale was void, and appellant had no interest, and acquired no title which authorized him to redeem and obtain possession of the land; that if he obtained possession it must be upon the strength of his own title. The statute on this subject provides that "if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution, unless

the same is not susceptible of division." Sec. 466, 2 R. S. 1876, p. 217. In the case of *Weaver* v. *Guyer*, 59 Ind. 195, the court held that "When the different tracts and lots were offered separately, the requirement of the statute was fulfilled. The statute does not provide, that the several lots, tracts and parcels shall be *sold* separately. It is clear * that the Legislature did not intend to inhibit the offering and selling of two or more lots, tracts or parcels together, having first offered them separately, and having secured no bid therefor." In such cases he has, however, to offer and sell some or all of the parcels together. *Mugge* v. *Helgemeier*, 81 Ind. 120. The complaint distinctly shows in this case that *each lot was separately offered*, and no bid received, when the *whole was* offered and *sold*, and all failed to realize enough to satisfy the execution. The sale is not invalid for that reason. It is also claimed that it was not necessary to make appellant a party to the foreclosure proceedings, and that he had no right to redeem. Appellant had bought the mortgaged property upon an execution issued upon a joint judgment against the mortgagor, appellant, and one Evans, showing that said appellant and said Evans were sureties, and had paid off the balance of the execution in money, which facts were shown by the return of the execution, which was recorded and made a part of this complaint. By the payment he was subrogated to the rights of the judgment creditor. *Stout* v. *Duncan, ante,* p. 383 ; *Manford* v. *Firth,* 68 Ind. 83. And if not a necessary party he was a proper party, if the mortgagee desired to cut off his right to redeem after the expiration of one year from the sale on the foreclosure. The case of *Coombs* v. *Carr*, 55 Ind. 303, is very similar to the one under consideration, and directly in point, upon the offer to pay as well as the right to redeem. See also the cases of *May* v. *Fletcher*, 40 Ind. 575, and *Kissel* v. *Eaton*, 64 Ind. 248. Appellant clearly had the right to redeem.

The court below in general term erred in affirming the judgment in special term. The judgment of the court in general term ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below in general term be and it is in all things reversed, at appellees' costs, and that the cause be remanded with instructions for further proceedings in accordance with this opinion.