Nix *et al. v.* Williams.

Filed March 31, 1887.

---

No. 12,128.

## Nix et al. *v.* Williams.

Mortgage.—*Foreclosure.—Sheriff's Sale.—Execution.—Mistake.*—Where, in a foreclosure proceeding, there is a decree foreclosing two mortgages, held by different parties upon the same real estate, which is erroneously described in the junior mortgage, and the decree thereon, there being also a personal judgment embodied in the decree in favor of the junior mortgagee, and where such real estate has been exhausted to satisfy the senior mortgage, execution may issue upon the personal judgment in favor of the junior mortgagee, without again offering for sale under the decree, either the exhausted property, intended to be mortgaged, or that which was actually described by mistake, the mortgagor never having owned or been in possession of the same.

Sheriff's Sale.—*Discretion of Sheriff.*—In making sales of real estate on execution the sheriff has a wide discretion, and such sales will not be set aside unless it clearly appears that there has been an abuse of his discretion, to the substantial injury of the execution defendant.

Same.—Where a sheriff, under an execution, offers for sale, first, the rents and profits of each of several lots, second, the fee simple of each of such lots separately, then the rents and profits of all the lots, without receiving a bid, and then offers for sale and sells the fee simple of all of such lots, the sale will not be set aside for irregularity.

From the Fulton Circuit Court.

*J. S. Slick* and *I. Conner,* for appellants.
*M. L. Essick* and *G. W. Holman,* for appellee.

ELLIOTT, C. J.—The controlling questions in this case arise on the special finding of facts and the conclusions of law stated thereon by the trial court.

The facts found may be thus summarized: On the 16th day of March, 1870, Francis M. Ashton and his wife executed to Hudson Watts a mortgage on the north half of the south half of lot seventy-five, as described in the old plat of the town of Rochester. On the 6th day of January, 1875, the Fulton Circuit Court rendered a decree and judgment in a cause wherein William Gillman was plaintiff, and William Ashton, David W. Lyons, assignee in bankruptcy of William Ashton, Alfred H. Robbins, Hudson Watts and Francis M. Ashton were defendants. The decree was in favor of Hudson Watts on the aforesaid mortgage, for $1,035.90, and directed a foreclosure of the mortgage and a sale of the real estate described in it. It was also decreed, that in case the proceeds of the sale of the real estate described should not prove sufficient to satisfy the judgment, then Watts should have execution against any other property of Francis M. Ashton subject to execution, to satisfy the unpaid judgment. It was further decreed that Francis M. Ashton had executed a mortgage to Alfred H. Robbins, on the 1st day of February, 1869, upon the building situate on the north half of the south half of lot seventy-five, in the new plat of the town of Rochester, and that Robbins should recover on said mortgage the sum of $344.75 ; that the mortgage be foreclosed, a sale of the mortgaged premises be made, and that, after satisfying the judgment of Robbins, the proceeds from the sale of the real estate should be applied in payment of the judgment in favor of Watts. A certified copy of the decree was issued to the sheriff, and, after due notice, he sold lot number seventy-five in the new plat of the town of Rochester, to Edwin C. Cowgill for $500. On the 5th day of May, 1883,

a deed was executed to Margaret Cowgill, widow, and Edith Cowgill, daughter, of Edwin C. Cowgill, he having died after his purchase. The sum realized from the sale was not sufficient to satisfy the judgment rendered in favor of Alfred H. Robbins. No certified copy of the decree directing a sale of lot seventy-five in the old plat of the town of Rochester was ever issued to the sheriff. When Francis M. Ashton executed the mortgage to Watts on lot seventy-five in the old plat, and when the decree was rendered, he had no title or interest in that lot, nor has he ever had possession of it. The real estate which Ashton intended to mortgage to Watts was lot seventy-five in the new plat of the town of Rochester. There was no order of sale issued in favor of Watts for the sale of lot seventy-five in the old plat, for the reason that there was a mistake in the description of the property intended to be mortgaged to him by Ashton, as the intention was to mortgage the lot in the new plat, and not in the old. On the 29th day of March, 1882, Watts assigned his decree and judgment to Edwin C. Cowgill, and on the 15th day of May, 1883, William Williams, the administrator of Edwin C. Cowgill's estate, sued out an execution. On the 21st day of May, of that year, the sheriff demanded property on the execution, and none being turned over, he levied the execution on the property described in the complaint of the appellants, and advertised it for sale. Williams, as administrator, bid in the property for $1,663.94, and received a certificate of purchase. The manner in which the sale was conducted is set forth at length, and it appears that the rents and profits for seven years of each of the several lots, were first separately offered for sale, that each of the lots was separately offered for sale, and no bids were received; thereupon the sheriff offered for sale the rents and profits of all the lots, and no bids being received, he then offered all the lots for sale, and sold them to the administrator.

The following conclusions of law were stated by the court:
That the execution was duly issued;

Nix et al. v. Williams.

That the sale was properly conducted.

The attack of the appellants is principally directed against the first of these conclusions, and it is contended that it is erroneous, because the appellee had no right to an execution, and because he could not sell any other property than that described in his mortgage and in the decree, until that had first been offered for sale.

We think that the appellee had a right to an execution. The decree contains a personal judgment and authorizes an execution in case the mortgaged property does not sell for enough to satisfy the mortgage. If there had been no personal judgment, the appellee would not be entitled to an execution; but, as there is a personal judgment, he has a right to enforce it in the ordinary method.

The record shows that the property intended to be mortgaged was exhausted to satisfy the senior mortgage lien held by Robbins, and there was, therefore, nothing to be gained by again offering it for sale. It also appears that the lot erroneously described would have brought nothing, as the execution defendant had no interest in it, so that it would have been a fruitless thing to offer it for sale. To have offered it would simply have entailed cost and expense upon the parties without any good result.

It is true that an execution can not be levied in ordinary cases until the mortgaged property is first exhausted. *Fletcher v. Holmes*, 25 Ind. 458. But this general rule can not apply here, for it here appears that a sale on a senior mortgage had exhausted the mortgaged property, and it could not again be offered for sale. The property described in the mortgage was not that which the parties intended to convey, and this appears from the decree made on the cross complaint of Robbins, for that decree shows that the two mortgages were in reality upon the same property.

The sheriff did not violate the law in offering the property for sale. Having offered the rents and profits of the lots for sale, and then the lots separately, he was justified in offering

all of the lots together.    Weaver v. Guyer, 59 Ind. 195;
Nesbit v. Hanway, 87 Ind. 400.    Much is necessarily con-
fided to the discretion of the sheriff in making sales of real
estate, and a sale will not be set aside unless it clearly ap-
pears that there has been an abuse of this discretion, to the
substantial injury of the execution defendant.    Jones v. Ko-
komo Building Ass'n, 77 Ind. 340; Bardeus v. Huber, 45 Ind.,
235.

