The State, *ex rel.* Thornburg, *v.* Fletcher *et al.*

---

No. 238.

THE STATE, EX REL. THORNBURG, *v.* FLETCHER ET AL.

BASTARDY.—*Defendant Not Paying Judgment.*—*Surety Not Liable.*—If the defendant in a bastardy case performs all the conditions of his bond, but declines or fails to pay the judgment rendered against him, and goes to prison in compliance with the terms of the judgment, his bondsman is not liable for the amount of the judgment.

SAME.—*Plea of Payment.*—A plea of payment, in an action on a bastardy bond, before suit is brought thereon, is a valid defence.

From the Delaware Circuit Court.

*J. .W. Ryan,* for appellant.

*R. S. Gregory, A. C. Silverburg* and *J. N. Templer,* for appellees.

ROBINSON, J.— The appellant commenced this action against the appellees on a recognizance bond given in a bastardy proceeding by Samuel V. Fletcher as principal, and David Fletcher as surety.

The complaint alleged that there was pending for trial in the Delaware Circuit Court the suit of the State, on the relation of India V. Thornburg, against Samuel V. Fletcher, on a charge of bastardy ; that at the November term, 1887, of said court, on the defendant's motion, a continuance of said cause was had until the next ensuing term of said court, and to that end the recognizance bond sued on was required

of the said defendant by the court, and was entered into by him with the other defendant as his surety; that the cause was duly tried in the December term of said court, resulting in a verdict against the defendant therein, followed by a judgment against him by the court, which he elected not to pay, and went to jail; and that both of said defendants had made default in the conditions of said bond, in that neither of them had paid or replevied said judgment or any part thereof, nor paid to said plaintiff or said relatrix any part thereof, etc.

The defendants filed separate answers to the complaint. A demurrer was sustained to the answer of Samuel V. Fletcher. The cause was afterwards dismissed as to him, and for that reason his connection with the case need not be further noticed.

The counsel for the appellant limits his argument to the alleged error in overruling the demurrer to the fourth paragraph of the separate answer of the appellee David Fletcher.

This answer alleged that at the January term, 1888, of said court, in which said cause was pending, and under which recognizance bond the principal therein, Samuel V. Fletcher, was to appear, he did appear in his own proper person, to, and he did then and there answer to, the complaint in bastardy therein pending against him in said bastardy suit, in the complaint mentioned; and that he did not, at any time during said term of said court, depart from said court without the leave and permission of said court; that during said term of said court said bastardy suit was finally tried before said court and a jury, and the said Samuel V. Fletcher attended said trial in his own proper person, and did then and there answer said complaint in bastardy and defend against said suit, but without avail; that, upon the finding and return of the verdict against him therein, he did prepare, file, and submit his motion and causes for a new trial of said cause, which was overruled, and the court thereupon rendered final judgment upon said verdict against said defendant, Samuel V. Fletcher; that the appellee David Fletcher then and there,

in his capacity as surety and recognizor of the said Samuel V. Fletcher, in said recognizance and bond, produced the body of his principal, the said Samuel V. Fletcher, in open court, and before the judge of said court, to be dealt with in said bastardy suit according to law, and the said Samuel V. Fletcher, being then and there personally in and before said court, was required by said court to pay or replevy said judgment in said bastardy suit, and failing and refusing to pay or replevy said judgment, or any part thereof, thereupon said court committed him to the jail of said county of Delaware for his default in failing and refusing to pay or replevy said judgment; and that said Samuel V. Fletcher was imprisoned in the jail of said county under the order of said court, and was so confined and imprisoned under said commitment when this suit commenced, and when said answer was filed; that at no time was any forfeiture declared of said recognizance and bond, nor was any default taken or entered thereon against the recognizors, or either of them, in said bastardy suit. Wherefore, etc.

The counsel for the appellant contends that the answer was bad because the bond signed by the appellee as surety for the principal was an obligation to pay, or cause to be paid, or replevied, any judgment that might be rendered against his principal, and that, although the principal appeared and answered the complaint, was in court at the trial of the cause, and at the time when judgment was pronounced, and was committed to jail for failing and refusing to pay or replevy the judgment, such facts would not discharge the surety on the bond, and that the surety could only be discharged by the judgment being paid or replevied. We can not concur in this view of the law.

Section 981, R. S. 1881, makes provision for the bond to be given upon arrest and trial before a justice when the defendant is adjudged to be the father of the child, and is in custody, and provides that such bond shall be conditioned that the principal shall appear at the next term of the cir-

cuit court, not depart without leave, and abide the order and judgment of said court, or failing therein, that he will pay such sums of money, and to such persons as may be adjudged by said court.

Section 985, R. S. 1881, provides that in case of continuance granted to either party the court or justice granting the same shall require of the defendant a like bond as required in section 981.

The bond in the case at bar was executed as required by the circuit court upon a continuance of the cause to the next term, and was governed by the sections of the statute referred to.

It seems exceedingly clear, under these statutes, that the purpose to be accomplished by the bond was to have the defendant present in court at the trial and abide the order and judgment of the court; and, when judgment is pronounced, that the court might commit him to jail under section 992, R. S. 1881, upon failure to pay or replevy the judgment against him.

It is no doubt true, should the defendant escape before the rendition of the judgment against him, or fail to be present to abide the order and judgment of the court, which would be commitment to jail on failure to pay or replevy the judgment so rendered, the surety on his bond would be liable for the amount of such judgment. But the breach of the bond consists in the failure of the defendant to be present at the court and answer the charge preferred. We think the facts pleaded in the answer constituted a defence to this action, and no error was committed in overruling the demurrer to the answer. We are sustained in this opinion by the case of *Turner* v. *Wilson*, 49 Ind. 581. It is true that that case is presented in a different form from the one at bar, but the principle decided involves nearly a similar question. In the case of *Turner* v. *Wilson, supra,* the defendant was present at his trial, but left before the rendition of judgment. Afterwards the surety procured a copy of the recognizance from the clerk,

and had the principal arrested in another county and returned. *Habeas corpus* proceedings were commenced for his release.

It was claimed on the trial of the *habeas corpus* case that the court could not originally have committed him, and, therefore, could not have remanded the prisoner to jail, because he was not in custody at the time the judgment was rendered, but the court says: "After the appellant had been arrested and had given bail, and was in custody of his bail, it was not necessary that he should be in actual custody of the sheriff at the time to enable the court to render a judgment of committal." The court further says: " From the admitted facts in this case, we are not prepared to decide that the appellant was not in legal custody at the time the judgment was rendered. He had been arrested. He gave bail as provided by statute. He was present at the trial until the jury retired and then went home, but was present all the while by attorney. A person arrested by law and put in the custody of the law remains in custody, either actually or potentially, until he is discharged according to law. Letting the appellant to bail and allowing him a trial without being in actual custody, was no waiver on the part of the relator, and his voluntary absence can not be allowed to impair her right or restrict her remedy."

It was also held in this case that the judgment which provided that the defendant should stand committed until it was paid or replevied was properly rendered, and that the recognizance bond was discharged by the surrender of the principal; that the rule was the same in criminal and civil cases.

There certainly is no distinguishable difference in the principle that a surety on a recognizance bond, in a bastardy case, can surrender his principal and be released from liability thereon, and where the principal was present in court and abides the order and judgment of the court. In the case at bar it is shown by the answer that both principal and surety were present in court at the trial and at the rendition of the judgment; and that the judgment provided that the

principal should pay, or replevy, the same; and in default thereof should be committed to jail. He complied with the order and judgment of the court, and went to jail, and the answer shows that the principal not only surrendered him to the order and judgment of the court, but that his surety also surrendered him.

The appellant further contends that the appellee was not discharged from liability on the bond in suit, for the reason that by the terms of the bond it was provided " that the principal should appear, at the proper time, in the circuit court, not depart without leave, and abide the judgment and order of said court, or pay such sums of money, and to such persons, as was adjudged by said court in that behalf."

This position is not tenable. The wording of the bond neither adds to nor takes from the recognizor any liability created by statute. Where a bond contains more or less than is required by statute, it operates and has the force and effect of the statute authorizing it. If the bond contains less than required by statute, the bondsmen will be held to what it should have contained; and if it contains more than required by statute, the measure of liability would be to the extent defined by statute. Section 1221, R. S. 1881. *Burr* v. *Wilson,* 50 Ind. 587.

Under the assignment of errors it is alleged that the court erred in overruling the demurrer to the third paragraph of the separate answer of the appellee David Fletcher. This paragraph of the answer pleaded that the judgment rendered against the principal, Samuel V. Fletcher, had been, and was, fully satisfied when the suit commenced. No reason is assigned by the appellant why this was not a sufficient answer. It was certainly sufficient to withstand a demurrer.

We find no error in the case.

The judgment is affirmed, with costs.

Filed June 9, 1891.