## BOWEN v. GERHOLD ET AL.

[No. 4,737.   Filed March 29, 1904.]

MORTGAGE.—*Suit by Mortgagor to Redeem from.*—*Tender.*—A mortgagor, where there is a dispute between him and the mortgagee over the amount due, may maintain a suit to free his land from the encumbrance, to compel the mortgagee to accept the amount actually due, and to discharge the mortgage of record. In such a case he must offer in his complaint to pay the amount found by the court to be due. *pp. 615–617.*

TENDER.—*Suit to Redeem from Mortgage.*—In a suit to redeem from a mortgage, it is not necessary to tender the amount supposed to be due before bringing suit, nor to bring that amount into court. It is sufficient to offer in the complaint to pay whatever is found by the court to be due. *p. 617.*

MORTGAGE.—*Suit to Redeem.*—*Cross-Complaint to Foreclose.*—*Defective Answer to Cross-Complaint.*—In a suit to redeem from a mortgage, if the mortgagee defendant seek by cross-complaint to foreclose his mortgage, and the mortgagor plaintiff answers such cross-complaint by setting forth the facts alleged in his original complaint, and the court finds that the allegations of such original complaint are true, and grants the relief prayed for, it is immaterial that the mortgagee's demurrer to such answer was improperly overruled. In such a case there can be no foreclosure of the mortgage. *pp. 617, 618.*

COSTS.—*Suit to Redeem from Mortgage.*—In a suit to redeem from a mortgage brought by the mortgagor, who offered to pay the amount found to be due, and who also tendered in court more than was due the mortgagee, the trial court properly entered judgment that such mortgagee take nothing on a cross-complaint

Bowen v. Gerhold.

he filed to foreclose the mortgage, that the clerk enter satisfaction of the mortgage and pay to the mortgagee the money paid into court, and that the mortgagor pay all costs to and including the filing of the complaint, and the mortgagee all the remaining costs. *pp. 618, 619.*

From the Carroll Circuit Court; *T. F. Palmer*, Judge.

Action by Adam Gerhold against Abner T. Bowen and others. From a judgment in favor of plaintiff, defendant Bowen appeals. *Affirmed.*

*L. D. Boyd*, for appellant.

*J. L. Sims* and *J. H. Gould*, for appellees.

BLACK, J.—The appellee Adam Gerhold brought suit against the appellant and the appellees John A. Cartwright and Edward Bowen. The appellant's separate demurrer to the complaint for want of sufficient facts was overruled. It was alleged, in substance, in the complaint, that the plaintiff, August 14, 1896, executed to the defendants his promissory note to pay in sixty days thereafter $538.62 to the defendants, who then and ever since that time were partners doing a banking business under a firm name stated; that the defendants had and retained possession of the note, so that the plaintiff was unable to file a copy thereof; that, concurrently with the execution thereof, to secure the payment thereof, the plaintiff executed to the defendants his mortgage, a copy of which was exhibited, whereby it was alleged the plaintiff and his wife mortgaged and warranted to the defendants certain described real estate in Carroll county, and August 18, 1896, the defendants caused the mortgage to be duly recorded, etc. The complaint contained allegations, about which no question is made, to show that a portion of the amount of the note was for usurious interest, and that the plaintiff had paid the note in part. It was then alleged that at the beginning of this suit, computing interest at eight per cent. per annum, and deducting the payments, there was due the defendants the sum of $226.90, and no more; that October 1, 1902,

before the commencement of this suit, the plaintiff tendered to the defendants, in payment of the note and mortgage, "the sum of $275, in lawful money, which was even more than the amount due them, which said defendants refused to accept; and, to make and keep said tender good, the plaintiff has deposited with the clerk of this court the said money, subject to the order of said defendants. Wherefore plaintiff prays that the court decree satisfaction of said note and mortgage, that they surrender possession of said note to the plaintiff, and enter satisfaction of said mortgage upon the record thereof in the office of the recorder, or that the court direct the clerk of this court to enter such satisfaction; if the court shall find that said tender is insufficient, that the court find and decree the amount due to the defendants, which plaintiff offers to pay; and for all other proper relief."

The appellant objects to the complaint on the ground of insufficiency of the allegations relating to the tender. It appears from the record that the complaint was filed in open court October 25, 1902 (the note and mortgage being payable in sixty days after August 14, 1896), and that at the time of filing the complaint "the plaintiff also pays into court the sum of $275 in gold, good and lawful money of the United States." We think that, in such a condition of the record, the question suggested by counsel, as to whether payment of the money to the clerk of the court—the manner of payment alleged in the complaint—amounts to a payment of the money into court, and also the question as to whether the complaint shows a paying in of money of such kind as is necessary for keeping a tender good, are immaterial questions, inasmuch as it affirmatively appears that the money paid in was not merely lawful money, but was legal tender money, and that it was paid in the presence and under the supervision of the court.

If it can not be said that it is shown that the "lawful money" alleged to have been tendered was the same money

paid into court, and therefore legal tender money, it does not necessarily follow that the complaint did not show any cause of action.    It was averred that the note secured by the mortgage included, as a part of the amount for which it was given, usurious interest, and part payment was alleged, and it was claimed that only a portion of the sum represented by the note was due; and an offer of payment, and a refusal thereof, were stated.    While it was claimed that the amount paid into court, so shown by the record to be legal tender money, was all that was due, and more, the plaintiff, in the complaint, proceeding upon the theory that the court should ascertain the amount really due, proposed that if the court should find that the tender was insufficient it should find and decree the amount due the defendants, which amount the plaintiff offered to pay, and he prayed for all proper relief.    We think the complaint may be regarded as sufficiently showing a cause of action for redemption by the mortgagor, the suit being "really one to free the mortgagor's land from the encumbrance, to compel the mortgagee to accept the amount actually due, if any, and to discharge the mortgage of record."    Pomeroy, Eq. Jurisp. (2d ed.), §1219.

It was not necessary that the complaint should show a strict legal tender, kept good by bringing the money into court.    An equitable tender, such as was made in the conclusion of the complaint, was sufficient.    See *Kemp* v. *Mitchell,* 36 Ind. 249, 254; *Spath* v. *Hankins,* 55 Ind. 155; *Coombs* v. *Carr,* 55 Ind. 303; *Nesbit* v. *Hanway,* 87 Ind. 400; *Horn* v. *Indianapolis Nat. Bank,* 125 Ind. 381, 9 L. R. A. 676, 21 Am. St. 231; *Dawson* v. *Overmyer,* 141 Ind. 438.

The appellant filed an answer in several paragraphs— one of them a general denial.    He also filed a cross-complaint against the plaintiff and others alleged to have some interest in the land subordinate to the mortgage; the appellant alleging that the note was made to him under the firm

name, and seeking to enforce payment thereof, and the fore-closure of the mortgage. The plaintiff answered the cross-complaint—the facts set forth in the third paragraph, pleaded as an answer of payment, being like those averred in the complaint. The only other question pressed in the appellant's brief relates to the action of the court in over-ruling his demurrer to this third paragraph of answer to his cross-complaint.

The court adjudged the note and mortgage satisfied, and directed the clerk to enter satisfaction upon the record of the mortgage, and adjudged that the appellant take nothing upon his cross-complaint. It was also adjudged that the money paid into court by the plaintiff belonged to the appellant, and the clerk was directed to deliver the same to the appellant. It was further adjudged that the plaintiff pay and satisfy the costs herein, to and including the filing of his complaint, and that the appellant pay and satisfy all other costs. We have not deemed it necessary to determine whether or not the third paragraph of answer to the cross-complaint stated facts sufficient for an answer to a complaint upon the note and mortgage. The only ground of attack upon the judgment against the appellant, upon the complaint of the plaintiff Gerhold, is the alleged insufficiency of his complaint, which we regard as sufficient. There could be no foreclosure of the mortgage if the mortgagor, who took the initiative, established his right to have satisfaction thereof entered of record. No error being shown, requiring a reversal of the conclusion thus reached, it does not seem to be material whether or not the answer to the cross-complaint for the foreclosure of the mortgage was technically sufficient. To reach that conclusion, it was necessary for the court to find not merely all the material facts stated in that paragraph of answer, but also such additional facts as were shown in the complaint but not shown in that answer. The court expressly found the complaint to be true.

The judgment for the plaintiff on his complaint, and against the appellant on his cross-complaint, does not proceed upon the ground of payment before suit brought; nor is the judgment, or any part of it, based upon the theory of a strict tender before suit, kept good by bringing the money tendered into court, in which regard the answer is attacked here. It sufficiently appears that the judgment is not affected by any supposed error in ruling upon this demurrer. Having upheld the suit of the plaintiff upon its own merits, it necessarily followed that there could be no foreclosure of the mortgage, and that there could be no recovery upon the cross-complaint; and we would not be justified in reversing the entire judgment because of an infirmity in the answer pleaded as a bar to the cross-complaint, seeking the foreclosure of the mortgage, such infirmity consisting of inadequacy of the averments of the answer to show a tender made before suit brought, and kept good thereafter.

Judgment affirmed.