STATE OF INDIANA, EX REL. SMITH *v.* SMITH ET AL.

[No. 9,386. Filed October 30, 1917.]

1. BAIL.—*Release of Sureties.—Surrender of Principal.*—The sureties on a forfeited recognizance bond given in a bastardy proceeding may, as in other actions where the rules of civil practice prevail, surrender their principal before final judgment on the bond and be released from further liability without being required to pay costs. p. 473.

2. BAIL.—*Criminal Cases.—Forfeited Recognizance.—Release of Sureties.—Payment of Costs.—Statute.*—In strictly criminal cases, §2027 Burns 1914, Acts 1905 p. 619, requires the surety on a forfeited recognizance to pay, on the surrender of his principal before final judgment on the bond, such costs as the court may adjudge before he may be released from liability. p. 473.

3. BASTARDS.—*Forfeited Recognizance.—Release of Sureties.*—Though it is not a condition precedent to the discharge of the sureties on a forfeited recognizance bond given in a bastardy proceeding that on the surrender of their principal before final judgment on the bond, that such sureties were ready and willing to pay the costs and to confess judgment therefor on the surrender of their principal before final judgment on such a

recognizance, shows a substantial compliance with §2027 Burns 1914, Acts 1905 p. 619, requiring sureties on forfeited recognizance in a criminal case to pay the costs on the surrender of their principal before they may be discharged from liability. p. 474.

From Madison Circuit Court; *Willis S. Ellis*, Special Judge.

Action by the State of Indiana, on the relation of Anna Smith, against Earl Smith and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*Albert H. Vestal*, for appellant.

*P. B. O'Neill* and *Frederick Van Nuys*, for appellees.

IBACH, P. J.—At a preliminary hearing before a justice of the peace in Madison county appellee Earl Smith was adjudged to be the father of a bastard child. He, together with the other appellees, thereupon furnished the required statutory bond in such cases for $500 for his appearance at the next succeeding term of the circuit court. Failing to appear on the day of the trial, he was defaulted and judgment rendered against him on default in the sum of $1,000, and that he stand committed until the same was paid or replevied.

Shortly thereafter this suit was brought on the recognizance bail. The additional sixth paragraph of answer alleged facts showing that the said Earl Smith, before final judgment on the said forfeited recognizance and on April 12, 1915, was found by the sureties and surrendered to the sheriff of Madison county and to the judge of the circuit court thereof, for the purpose of said defendant Smith complying with the order of commitment of said court, and he is now and has been continuously since April 26, 1915, confined in the jail of said county pursuant to said order of commitment. That his codefendants stand ready and willing to pay the costs of this action just as soon as they are determined, and offer to confess judgment for costs.

The bond involved in this suit contains the usual conditions to be found in other bonds—that the defendant would appear at the next term of the circuit court following the hearing before the justice of the peace and answer the complaint, not depart without leave, and abide the orders of the court, on failing therein that he would pay such sums of money and to such persons as might be adjudged by the court.

The defendant failing to appear at the next term of the circuit court, being defaulted and failing to pay or replevy the judgment which was rendered against him, a breach of the bond occurred and a right of action thereon arose. This being true, appellant assumes the position that appellees, sureties on the recognizance bond, can only be discharged from liability by paying the judgment or replevying the same, but no authorities are cited in the brief to support such position.

Here the pleading discloses a surrender of the defendant before judgment in the suit on the bond and, the authorities seem to be uniform in this state, that in civil as well as in criminal cases the surety on such bonds may surrender his principal before final judgment on the bond. In strictly criminal cases, the statute (§2027 Burns 1914, Acts 1905 p. 619) requires the payment of such costs as the court may adjudge to be paid by them before the sureties can be discharged from liability upon such bond. But in civil or quasi-civil suits where the rules of civil practice prevail, the sureties upon similar recognizance bonds may be released from further liability without being required to pay costs. §915 Burns 1914, §870 R. S. 1881; §2027 Burns 1914, *supra;* *Turner* v. *Wilson* (1875), 49 Ind. 581; *Clark* v. *State, ex rel.* (1890), 125 Ind. 1, 24 N. E. 744; *State, ex rel.* v. *Fletcher* (1891), 1 Ind. App. 581, 584, 585, 28 N. E. 111.

In the case last cited this court said: "It seems exceedingly clear, under these statutes, that the purpose to be accomplished by the bond was to have the defendant present in court at the trial and abide the order and judgment of the court; and, when judgment is pronounced, that the court might commit him to jail under Section 992, R. S. 1881, upon failure to pay or replevy the judgment against him. * * * There certainly is no distinguishable difference in the principle that a surety on a recognizance bond, in a bastardy case, can surrender his principal and be released from liability thereon, and when the principal was present in court and abides the order and judgment of the court."

Likewise under the facts disclosed by the answer now under consideration the result is the same as if the defendant had made no default, for the purposes of the bond have been fully accomplished and the relatrix has suffered no injury, but, on the contrary, she has received every right given her by statute.

Appellant further contends that the answer does not aver that the costs have been paid and that payment is a condition precedent to a discharge of the recognizance upon surrender of the principal. As heretofore stated, payment of costs is only required in criminal cases, but in any event we think the answer sufficient in this respect. Upon this question it contains the following averment: "That (appellees) stand ready and willing to pay the costs of this action just as soon as they are determined and offer to confess judgment for costs." This is a substantial compliance with the criminal statute (§2027, *supra*), and the answer was sufficient against appellant's objection.

As tending to support our conclusion, see *Doyle* v. *Ringo* (1913), 180 Ind. 348, 351, 102 N. E. 18, and cases cited; *Bowen* v. *Gerhold* (1903), 32 Ind. App. 614, 616, 617, 70 N, E, 546, 102 Am, St. 257. The court

did not err in overruling the demurrer to the sixth paragraph of answer.

No available error being shown the judgment is affirmed.

Hottel, C. J., and Dausman, J., dissent.

NOTE.—Reported in 117 N. E. 553.   See under (1) 6 C. J. 1044, 1053.