TAYLOR ET UX. *v.* HADNOTT ET AL.

[No. 26,348. Filed January 13, 1936. Rehearing denied April 8, 1936.]

*Milo C. Murray* and *R. L. Bailey,* for appellants.

*Call & Call,* for appellees.

ROLL, C. J.—This is an action by appellants for an injunction. The trial court issued a restraining order without notice and afterwards set the matter for hearing. Upon the hearing the court dissolved the restraining order and refused the injunction, and judgment was so entered. Appellants appeal, and assign eight errors for reversal, but the fourth assigned error presents the only question on this appeal. The fourth assigned error is: That the decision of the court is contrary to law.

The complaint alleged in substance that on November 20, 1926, the defendant Charles W. Hadnott began an action on a promissory note and to foreclose a mortgage upon lots number twenty-nine (29) and thirty (30) in block number twenty-four (24) in Chicago-Tolleston Land and Investment Company's Sixth Addition to Tolleston, now in the city of Gary, Lake County, Indiana. That on February 28, 1928, a judgment was rendered against appellants herein for $1,134.61 plus $148.50 attorney fees and decreed a foreclosure of the mortgage upon said above described real estate; that Charles W. Hadnott did not cause the property described in the mortgage and above described to be sold under the judgment and decree thus obtained but did on the 11th day of May, 1933, cause execution to be issued upon said judgment and a levy made upon different real estate, to wit: Lots number fourteen (14) and fifteen (15) in Block Number seven (7) in Chicago-Tolleston Land and Investment Company's Oak Park addition to Tolleston, now in the City of Gary, Lake County, Indiana, owned by appellants; and that the defendants Lillian M. Holley and her deputy O. Floyd Monnett were about to sell said real estate under said execution, and asked that they be enjoined from further action in the matter. The complaint was verified and the court issued the restraining order without notice, and fixed May 25, 1933, as the day for hearing on the motion for a temporary injunction.

The evidence of this hearing is uncontradicted and in substance is as follows:

On February 10, 1928, Charles W. Hadnott obtained a personal judgment against appellants herein for $1,134.61 plus $148.50 attorney fees in a certain cause of action, wherein Charles W. Hadnott was plaintiff and James G. Taylor, Sallie S. Taylor (appellants herein) and others were defendants, said cause being No. 12,675 of the Lake Superior Court. The Mid-City Realty Com-

pany and William A. Dresser and wife filed cross-complaints, claiming to be the holders of tax-title liens on said real estate. The court rendered judgment in favor of Charles W. Hadnott and against James G. Taylor and Sallie S. Taylor (appellants herein) for the amount mentioned above, and also rendered judgment in favor of the Mid-City Realty Co. on its cross-complaint for $361.46 and in favor of William A. Dresser and his wife on their cross-complaint for $25.00; both of these judgments being against appellants, and each being a tax-title claim. The court decreed a foreclosure of plaintiff's mortgage and the tax-title liens upon the real estate described in the mortgage. In the decree the court fixed the judgment of William A. Dresser and wife as a first lien upon the real esate, the judgment of the Mid-City Realty Company as a second lien and the judgment and mortgage lien of Charles W. Hadnott (the plaintiff) as a third lien, and ordered the real estate sold and the proceeds applied in payment of the lien in the order above designated.

In July, 1928, an action was filed by the Mid-City State Bank against Dora B. Golden and James Golden, Charles W. Hadnott, Mid-City Realty Company and William Dresser and others to foreclose a mortgage upon the same real estate, the same being cause No. 16,556 of the Lake Superior Court. Appellants Taylor and Taylor were not made parties to this action for the reason that in 1926 they had sold and conveyed the real estate described in the mortgage to Dora B. and James W. Golden. In this action the Mid-City State Bank recovered judgment against Dora B. Golden and James W. Golden for $5,036.41 plus $540.00 attorney fees and found for Charles W. Hadnott, on his judgment recovered in cause No. 12,675 heretofore mentioned, which judgment Charles W. Hadnott had set up in a cross-complaint. The other defendants set up their various judg-

ments recovered in the former action, and the court found that their judgments and claims were valid and entered judgment accordingly. The court decreed the foreclosure of the mortgage of the Mid-City State Bank and ordered the real estate sold to satisfy the various judgments and fixed the priority of their liens as follows: First lien, judgment of William A. Dresser; second lien, judgment of Mid-City Realty Co.; third lien, judgment of Mid-City State Bank; fourth lien, judgment of Charles W. Hadnott; etc.

On December 8, the Mid-City State Bank caused an order of sale of the mortgaged real estate to be issued on the judgment and decree in the last above cause, being cause No. 16,556, and placed in the hands of the sheriff for service. The real estate was regularly sold by the sheriff pursuant to said order on February 12, 1932, for $3,500.00.

Inasmuch as the property did not sell for an amount sufficient to satisfy the prior liens, Charles W. Hadnott, in order to realize on his judgment, caused a general execution against appellants to be issued to the sheriff of Lake County and after the sheriff had made repeated demands upon James G. Taylor and Sallie S. Taylor for payment and the demands having been refused, levied said execution upon lots number fourteen (14) and number fifteen (15) in block number seven in Chicago-Tolleston Land and Investment Company's Oak Park Addition to Tolleston, now in the City of Gary, Lake County, Indiana. It is this levy and sale that was sought to be enjoined in this action.

It is appellants' contention that appellee should first have execution issued against lots number 29 and 30 in Block No. 24, etc., heretofore described and being the real estate mortgaged to appellee and described in said mortgage and which the court ordered sold, before he could secure the issuance of a general execution. Ap-

pellee in reply to appellants' contention says that he could not resell said lots number 29 and 30, in block number 24, *supra,* as that property had been sold under the decree in cause number 16,556 and the proceeds of said sale applied to the payment of the two tax-title liens and to part payment of the first mortgage, and that it would be useless to attempt a resale of that property under his decree of foreclosure.

We think appellee is correct in his position. Where property has been exhausted by sale under a senior mortgage, the same real estate cannot again be offered for sale in an attempt to satisfy a junior lien. This proposition was sustained by this court in the case of *Nix* v. *Williams* (1887), 110 Ind. 234, 11 N. E. 36. Equity will not grant injunctive relief where the expense to the defendant who acted in good faith would be out of proportion to the benefit to be gained by the plaintiff. *Nix* v. *Williams, supra; Malinoski* v. *McGrath, Inc.* (1933), 283 Mass. 1, 186 N. E. 225, and cases cited. Appellants would receive no benefit whatsoever in having the real estate re-offered for sale, neither would appellee; it would be an altogether useless procedure and the law does not require one to do a useless thing.

Appellants contend that there was no personal judgment against them in this case, for the decree did not specifically state that, "the deficiency, if any, remaining after the sale of the mortgaged property, should be levied on any property of the defendants" and cites §1175, Burns 1926, §3-1815, Burns 1933, §1013, Baldwin's 1934, in support of his contention. This section provides:

"When there is an express written agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct, in the order of sale, that the balance due on the mortgage and costs which may re-

main unsatisfied after the sale of the mortgaged premises shall be levied on any property of the mortgage-debtor."

The judgment in this case in part reads as follows:

"It is further considered, adjudged and decreed by the court that the plaintiff, Charles W. Hadnott, recover of and from the defendants, James S. Taylor and Sallie S. Taylor, his wife, said sum of $1,134.61 plus $148.50 attorney's fees, without relief from valuation and appraisement laws, together with all his cost herein."

There was no sale of the mortgaged property under this decree. It was sold under the decree and judgment in the case of *Mid-City State Bank* v. *Golden et al.*, and the proceeds arising from the sale was exhausted in payment of the tax title liens and the first mortgage of the Mid-City State Bank. No part of the proceeds from the sale of the mortgaged premises was applied to appellees' judgment. After the sale appellee's judgment remained wholly unsatisfied and the security altogether exhausted.

We do not think that the above statute had or was ever intended to have the effect of rendering appellees' judgment void, or took away from him the right to have a general execution issued and levied upon other property of appellants. Our conclusion is that the execution and levy on lots fourteen (14) and fifteen (15) in block number seven (7) in Chicago-Tolleston Land and Investment Company's Oak Park Addition to Tolleston, now in the City of Gary, Lake County, Indiana, is valid and lawful, and the injunction was rightfully refused.

Judgment affirmed.