## GRABLE and Others *v.* McCULLOH.

MORTGAGE.—WIFE'S INTEREST.—In *April*, 1853, before the present law of descents went into force, A made a mortgage upon real estate, in which his wife did not join. In 1854, after the present law of descents took effect, A died seized of the lands, leaving his wife and two children by her surviving him. Suit was instituted upon the mortgage against the widow and children of A, and a decree was rendered for the sale of the property, "subject to the interest and estate of the widow of A therein."

*Held*, that the widow was entitled in the foreclosure suit to have an undivided one-third in fee of the land reserved from sale, until the remaining two-thirds should be exhausted, and if that proved insufficient, then the remaining one-third was liable to be sold, subject perhaps to a life estate in the widow therein.

*Held*, also, that the widow's rights were fully protected by the decree, as the sale was ordered to be made subject to those rights.

MORTGAGEE.—ESTATE OF.—The mortgagee of land has no title to the land mortgaged, but merely a lien upon it. The title remains in the mortgagor until divested by sale.

APPEAL from the *Cass* Circuit Court.

FRAZER, J.—The appellee was the widow of *Robert McCulloh*, who died in *May*, 1854, leaving the appellee and two children by her surviving him. On the 5th of *April*, 1853, *Robert* mortgaged a certain half section of land of which he was then seized, and continued to be at his death, to one

*Reynolds*, to secure a debt of $1,000. The wife did not join in the mortgage. In *April*, 1855, there was a decree for a foreclosure of the mortgage and sale of the premises to satisfy the mortgage debt, the widow and children of *McCulloh* being parties defendant to the suit in which that decree was rendered. That decree found that the property, "subject to the interest and estate of the defendant *Elizabeth McCulloh* therein, as widow of the decedent, *Robert McCulloh*, and which interest the court further finds said widow never released or relinquished by said mortgage, is held and liable to be sold to pay and satisfy said sum so found due and owing, together with the costs," and it was ordered that the lands, or so much as should be necessary, be sold for that purpose; "that said sale should be subject to the interest of the defendant *Elizabeth McCulloh* therein, as widow, so found as aforesaid." The mortgagee became the purchaser at such sale, and the title so acquired by said purchase is now held by the appellants, *Reynolds* having conveyed to them for a price beyond the amount of the mortgage debt. Upon these facts, in a suit by the widow for partition, the question is presented whether the widow is entitled to a third in fee of the lands. The court below so held.

Under our laws, at the date of the mortgage, the wife would, on the husband's death, have taken only dower in the lands. Subsequently, on the 6th of *May*, 1853, and before the husband's death, this was by statute enlarged to one-third in fee. The widow was entitled in the foreclosure suit to have an undivided one-third in fee of the lands reserved from the sale to satisfy the mortgage until the remaining undivided two-thirds should be exhausted, and if that proved insufficient, then the remaining one-third, subject possibly to an estate for her life therein, (dower in the whole lands,) was liable to be sold. It was not so decreed. Her right in the lands was an undivided one-third in fee. This right was incumbered by the mortgage, and was liable to be reduced to an estate in dower by a proper decree, and a sale

in pursuance of it, if that was necessary to satisfy the mortgage debt. Did the decree, however, touch her right at all? The question is not whether the mortgagee was entitled to a decree affecting her interest in the land, but whether he obtained such a decree. We think that he did not, but, on the contrary, that her entire right was as fully protected from the operation of that decree, by its express terms, as it would have been if she had not been a party to it, or as if the plaintiff had been content to look exclusively to the undivided two-thirds of the lands, in which she had no interest, deeming that sufficient, and had studied to confine his remedy to that alone. The sale was directed to be made "subject to the interest of the defendant *Elizabeth McCulloh* therein, (*i. e.*, in the lands,) as widow, so found as aforesaid." That interest was not found, however, as it might have been; but the law ascertains it to be one-third in fee. A sale by which her title or interest would be transferred, divested or diminished, could, in no reasonable sense, be deemed a sale "subject to her interest."

In modern theory, the mortgagee has no title to the lands mortgaged, but merely an incumbrance or lien upon it. The title, under our law, remains in the mortgagor or his privies until divested by sale. *Morton* v. *Noble*, 22 Ind. 160. In *Jackson* v. *Willard*, 4 John. 41, KENT, C. J., said: "Whenever the nature of the case would possibly admit of it, the courts of law have inclined to look upon a mortgage, not as an estate in fee, but as a mere security for a debt." Lord MANSFIELD said it was "an affront to common sense to say that the mortgagor is not the real owner." 1 Doug. 632. And in *Casborne* v. *Scarfe*, 1 Atk. 603, Lord HARDWICKE used this language: "The interest of the land must be somewhere, and cannot be in abeyance, but it is not in the mortgagee, and therefore must remain in the mortgagor."

The judgment is affirmed, with costs.

*D. D. Pratt* and *D. P. Baldwin*, for appellants.

*D. D. Dykeman*, for appellee.