Barr *et al. v.* Vanalstine.

Filed Nov. 6, 1889.

---

No. 13,901.

## BARR ET AL. *v.* VANALSTINE.

MORTGAGE.—*Purchase-Money.—Non-Joinder of Wife.—Foreclosure.—Right of Redemption by Surviving Wife.*—Where a wife does not join in a purchase-money mortgage on real estate, and the mortgage is foreclosed, she not being made a party to the foreclosure proceeding, and the premises sold, the wife, upon the death of her husband, has the right to redeem from said sale. Until her husband's death she had no claim, legal or equitable, upon the land. Not having been made a party to the action, she was not affected by the decree of foreclosure.

SAME.— *Wife's Inchoate Interest.—Right of Redemption.*—Immediately upon the death of her husband, by virtue of section 2491, R. S. 1881, the title to one-third of the said real estate, the husband's estate being worth less than $10,000, vested in the surviving wife, subject to the said mortgage indebtedness, and then, and not until then, her right to redeem came into existence.

Barr *et al. v.* Vanalstine.

SAME.—*Mortgagee in Possession.—Rents and Profits.—Improvements.—Surviving Wife.— What Charged with.*—The appellant in this case having bought the said real estate from the purchaser at the sheriff's sale, as against the surviving wife, occupies the position of a mortgagee in possession; he is chargeable with the rents and profits from the date of the death of the husband, and she is chargeable with the mortgage debt and interest thereon at six per cent. per annum, and likewise for taxes paid, together with the cost of improvements made by the appellant and his grantee.

SAME.—*Action to Redeem.—Statute of Limitations.—Demand.—Tender.*—Section 294, R. S. 1881, governs the time within which the action to redeem must be brought, and the surviving wife had fifteen years from the death of her husband to institute her suit. She was not bound as a condition precedent to the bringing of the action to redeem to make a demand or a tender.

PRACTICE.—*Decree.--Proper Form of.*—For the proper form of decree in such a case, see the closing part of the opinion.

SAME.—*Unavailable Error.*—Where an error has been made in a decree by which the appellant is not injured, but benefited, he can not complain thereof.

From the Allen Circuit Court.

*T. W. Wilson* and *W. G. Colerick,* for appellants.

BERKSHIRE, J.—This was an action brought by the appellee against the appellants to redeem from a sheriff's sale. The cause was put at issue and there was a final judgment rendered for the appellee.    The errors assigned are :

" 1st. The court erred in overruling the appellants' demurrer to the first and second paragraphs of the appellee's complaint, and each of them.

" 2d. The court erred in sustaining the appellee's demurrer to the second, fourth, and fifth paragraph of appellants' answer, and each of them.

" 3d. The court erred in its conclusions of law on the special findings of facts.

" 4th. The court erred in overruling the appellants' motion to state other and different conclusions of law on the special findings of facts.

" 5th. The court erred in overruling the appellants' motion for a judgment in their favor on the special findings of facts.

" 6th. The court erred in overruling the appellants' motion to dismiss the plaintiff's case after the announcement by the court of what facts were found by the evidence adduced on the trial.

" 7th. The court erred in rendering judgment in favor of the appellee on the special findings of facts."

We understand from the record that on the 22d day of February, 1864, one George W. Ewing, then in life, was the owner in fee simple of lots 5, 6, and 7 in Ewing's subdivision of lot 65, in the original plat of the city of Fort Wayne, Indiana, and on that day conveyed the same, by warranty deed, to one William Vanalstine for the sum of $1,834, and took his notes for the purchase-money, secured by a mortgage ; that the terms of said mortgage were such that the notes all became due February 23d, 1865 ; that the said George W. Ewing died testate prior to November 1st, 1866 ; that on that day his executor brought suit in the Allen Circuit Court to foreclose the mortgage, and on the 12th day of January, 1867, obtained a judgment for $2,021.75, and a decree of foreclosure ; that on the 13th day of March, in the same year, an order of sale issued upon the judgment and decree to the sheriff of Allen county, who, after advertising the mortgaged premises for sale, on the 13th day of July, in the same year, sold the same for the full amount of the judgment, to the said executor; that on the 4th day of September, 1868, there having been no redemption from said sale, the said sheriff executed to the said purchaser a deed for said lots ; that on the 17th day of March, 1873, the said executor sold and conveyed said real estate to the male appellant for the sum of $4,500, who then and there paid the purchase-price ; that he, at said date, entered into the possession of said lots, and has been in possession since his purchase, claiming to be the owner ; that the appellee was the wife of the said William Vanalstine when he made said purchase, and continued to be his first and only wife until his decease, on the 10th day of September, 1873, and resided

during all the said time in the said city of Fort Wayne; that she did not join in said mortgage, nor was she a party to said action of foreclosure, nor has she ever made any conveyance of her interest in said lots, either as the wife or widow of her said husband; that when her husband died he left an estate worth less than $10,000; that the said appellant, when he made his purchase, had no knowledge that the appellee claimed any interest in said real estate; that the appellee made no demand of the appellant before bringing this action; nor did she, or any one for her, tender or pay to the appellant all or any part of said mortgage debt before instituting this action; that this action was commenced November 8, 1886; that the said executor paid the taxes upon said real estate from the time he received his deed until he conveyed to the said appellant, who has paid the taxes since, together with certain street assessments.

Under the facts, as stated, the appellee had the right to redeem from said sale upon the death of her husband. *May* v. *Fletcher,* 40 Ind. 575. This case overrules the case of *Fletcher* v. *Holmes,* 32 Ind. 497, and has since been followed by later decisions of this court. Wiltsie Mort. Foreclosures, 161, and cases cited; *Bradley* v. *Snyder,* 14 Ill. 263.

Section 2491, R. S. 1881, being section 27 of the statute of descents, reads thus: "A surviving wife is entitled, except as in section 17 excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death: *Provided,* That if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions." Under this statutory provision, one-third of the said real estate passed to the appellee by virtue of her marital rights subject to the said mortgage indebtedness. *May* v. *Fletcher, supra;*

*Bowen* v. *Preston*, 48 Ind. 367; *Brenner* v. *Quick*, 88 Ind. 546. Not having been made a party to the action, she was not affected by the decree of foreclosure. *May* v. *Fletcher*, *supra;* *Gordon* v. *Lee*, 102 Ind. 125; *Catterlin* v. *Armstrong*, 101 Ind. 258; Wiltsie Mort. Foreclosures, 160.

Until the death of the husband of the appellee, she had no claim, legal or equitable, upon or to the land. *Traders Ins. Co.* v. *Newman, ante*, p. 554, and authorities' cited. Had her husband survived her, the purchaser at the sheriff's sale would have held the title to said real estate free from any right of redemption. *Paulus* v. *Latta*, 93 Ind. 34; *McCormick* v. *Hunter*, 50 Ind. 186; *Grissom* v. *Moore*, 106 Ind. 296. So soon as the husband of the appellee died, by virtue of the said statute the title to one-third of the said real estate vested in her, subject to the said mortgage indebtedness, and then, and not until then, her right to redeem came into existence. *Brenner* v. *Quick, supra;* Wiltsie Mort. Foreclosures, 162.

As there is no other section of the statute of limitations applicable to actions to redeem real estate, section 294, R. S. 1881, governs, and the appellee had fifteen years from the death of her husband in which to bring her action. As the action was commenced within fifteen years, it was not barred by the statute of limitations.

The answer which is pleaded as an estoppel *in pais* is entirely barren of such facts as work a verbal estoppel. It is so clearly bad that we do not care to set it out in this opinion or to refer to it more at length.

The appellee was not bound as a condition precedent to the bringing of her action to redeem to make a demand or a tender. *Childs* v. *Childs*, 10 Ohio St. 339; *Bradley* v. *Snyder, supra;* *Clark* v. *Reyburn*, 8 Wall. 318.

In the case under consideration, as against the appellee the appellant occupied the position of a mortgagee in possession; he was chargeable with the rents and profits from the date of the death of the husband of the appellee, and she

was chargeable with the mortgage debt and interest thereon at six per cent. per annum, and likewise for taxes paid, together with the cost of improvements made by the appellant and his grantee. *Hosford* v. *Johnson,* 74 Ind. 479 ; *Gage* v. *Brewster,* 31. N. Y. 218 ; Wiltsie Mort. Foreclosures, 191, 199 ; *Johnson* v. *Harmon,* 19 Iowa, 56 ; *American Button- hole, etc., Co.* v. *Burlington, etc., Ass'n,* 61 Iowa, 464 ; *Brad- ley* v. *Snyder, supra.*

Proceeding upon this basis, the court should have made an adjustment, and whatever, if anything, was found due to the appellant, a decree should have been rendered for the sale of the two-thirds of the real estate held by him to pay the same, and in case of a failure to realize a sum sufficient to. pay the same, then for the sale of the appellee's one-third. *Grable* v. *McCulloh,* 27 Ind. 472 ; *McCord* v. *Wright,* 97 Ind. 34 ; *Bunch* v. *Grave,* 111 Ind. 351.

In case nothing was found due on the mortgage debt to the appellant, then the court should have so decreed, and that the appellee was the owner of one undivided one-third of said real estate, free from encumbrance, and quieted her title ; but, on the other hand, if the court found that there was anything due on the mortgage debt, the amount should have been adjudged, and a decree rendered for the sale of the whole of said real estate, but that the two-thirds held by the appellant be first sold, and if sold for a sum sufficient, then that the appellee's one-third be protected.

There is nothing in the conclusion to which we have arrived in conflict with *Bunch* v. *Grave, supra.* That case and the one under consideration proceeded on different theories, and rest on different principles. We adhere to the conclusion reached in that case.

The decree which was rendered in this case was for the redemption and sale of the appellee's one-third of the said real estate, and does not disturb the two-thirds held by the appellant. It is erroneous, but the error is not one of which

the appellant can complain, because he is not injured, but benefited, thereby.

If the appellee was here complaining of the judgment of the court we would probably be required to reverse the judgment, but as she is not the judgment must be affirmed.

Judgment affirmed, with costs.

