## MUNCIE AND PORTLAND TRACTION COMPANY *v.* BLACK ET AL.

[No. 21,267. Filed November 17, 1909.]

1. TRIAL.—*Instructions.—How Made Part of Record.—Appeal.*—Where the trial judge signed and dated a memorandum at the close of the instructions asked by appellee, showing that the appellant excepted to certain ones thereof, but neither the appellant nor its counsel signed a memorandum showing which instructions refused and which given, were excepted to, as required by §544a Burns 1905, Acts 1903, p. 338, §1, said exceptions were not properly taken. p. 143.

2. TRIAL.—*Instructions.—How Made Part of Record.—Appeal.*—Under §560 Burns 1908, §535 R. S. 1881, providing that parties may except to the giving, or refusing to give instructions, by having the judge write on the margin of each instruction questioned the words "refused, and excepted to," or "given, and excepted to," instructions, at the close of all of which, the judge has noted which were given and which refused, are not a part of the record. p. 144.

3. TRIAL.—*Instructions.—How Made Part of Record.—Appeal.*—Instructions signed by the judge in a memorandum at the close thereof, are not a part of the record under §558 Burns 1908, cl. 6, §533 R. S. 1881, providing that all instructions given, or asked for, must be signed by the judge and filed. p. 144.

4. TRIAL.—*Instructions.—How Made Part of Record.—Appeal.*—A memorandum signed and dated by the judge, at the close of instructions requested, that appellant "excepts to the giving of instructions three, four and seven, requested by" appellee, does not make such instructions a part of the record under §561 Burns 1908, Acts 1907, p. 652, providing that the judge shall indicate, in such memorandum, which of such instructions were given and which refused. p. 144.

5. TRIAL.—*Instructions.—How Made Part of Record.—Appeal.*—Where the trial judge signed and dated a memorandum at the close of instructions requested, that appellant "excepts to the giving of instructions three, four and seven, requested by" ap-

pellee, such instructions are not a part of the record under §544a Burns 1905, Acts 1903, p. 338, §1, providing that the judge shall indicate in a memorandum at the close of the instructions which were given and which refused.    p. 145.

6.   TRIAL.—*Refusal to Allow Jury to Have Award of Appraisers.— Statement to Jury.—Exceptions to Award.—Interurban Railroads. —Appeal.*—The refusal of the trial judge to permit the jurors to take to their room the award of the appraisers, in an interurban railroad condemnation case, or to permit the plaintiff's attorney to mention the contents of such award in the opening statement to the jury, or permitting the jurors to take the exceptions to such award to their room, does not constitute reversible error. p. 145.

From Jay Circuit Court; *J. F. LaFollette,* Judge.

Condemnation proceedings by the Muncie and Portland Traction Company against William R. Black and another. From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*Frank H. Snyder* and *Whitney E. Smith,* for appellant. *Smith & Moran,* for appellees.

MONKS, J.—Appellee Black filed exceptions to the award of the appraisers in this proceeding which was brought under §§893-904 Burns 1905, Acts 1905, p. 59, for the purpose of condemning a right of way across said appellee's real estate.

The only error properly assigned calls in question the action of the court in overruling appellant's motion for a new trial.   The giving of instructions three, four and seven, requested by said appellee, was assigned as cause for a new trial.

Said appellee insists that no exceptions were reserved to said instructions, and that therefore the record presents no question as to their correctness.

At the close of the instructions requested by said appellee, there is a memorandum, in writing, setting forth that appellant excepts to the giving of instructions three, four and seven, requested by said appellee, which memorandum is dated and signed by the trial judge.   It

complies with the requirements of section one of the act of 1903 (Acts 1903, p. 338, §544a Burns 1905), which was in force when the case was tried in the court below, but it is not signed by the appellant or its counsel, as·said act requires. It is evident, therefore, that said exceptions were not properly taken under section one of said act.

Even if since the enactment of said act of 1903 exceptions to instructions may yet be taken under §§558, 560 Burns 1908, §§533, 535 R. S. 1881, which authorize the trial judge to sign the same (*Hoffbauer* v. *Morgan* [1909], 172 Ind. 273), said exceptions were not properly taken thereunder, because not written on the margin or at the close of each instruction excepted to, as required by §560, *supra*. *Malott* v. *Hawkins* (1902), 159 Ind. 127, 138; *Roose* v. *Roose* (1896), 145 Ind. 162, 164.

In the case last cited the only statement showing that exceptions were taken was the following at the close of the instructions: ''To the giving of each of the instructions, severally, plaintiff at the time duly excepted.'' The court said at pages 164, 165: ''This was not in compliance with the requirements of the section of the code to which we have referred [§560, *supra*], so as to be available, to the complaining party. The exception must be noted, either on the margin or at the close of each instruction, which written notation must be dated and signed by the trial judge. This the statute requires in plain, imperative terms, not open to construction.'' Instructions three, four and seven, claimed by appellant to have been given by the court at the request of appellees, are not in the record, because the same were not signed by the judge, as required by the sixth subdivision of §558, *supra*. Nor was there any memorandum in writing, signed by the judge, indicating by number which of said instructions requested by appellees were given and which refused, as required by §561 Burns 1908, Acts 1907, p. 652. Nor did the judge sign any memorandum in writing at the close of the instruc-

tions requested by appellees, showing which of said
5. instructions were given and which refused, as required by §544a, *supra.* It is evident, therefore, that
the record presented no question concerning the correctness
of said instruction.

The court refused to allow the jury to take to the jury
room the award of the appraisers, denied appellant's counsel
permission to state the contents of said award in his
6. opening statement to the jury, and permitted the jury
to take the exceptions of appellees to said award.
Each of these rulings was assigned as a cause for a new trial.
Substantially the same question was presented in *Muncie,
etc., Traction Co.* v. *Hall* (1909), *ante,* 95, and upon the authority of that case we hold that no reversible error was
committed by the court in any of the rulings complained of.

No available error appearing in the record, the judgment
is affirmed.