# DOYLE *v.* RINGO.

[No. 22,120. Filed June 6, 1913. Rehearing denied October 30, 1913.]

1. MORTGAGES.—*Redemption.—Tender of Amount Due.—Complaint.*—It is not necessary, in an action to have a sheriff's deed declared a mortgage and to redeem, that a tender be alleged or made, if the complaint contains an offer to pay whatever sum may be found to be due. p. 351.

2. MORTGAGES.—*Redemption.—Tender.—Complaint.*—The rule of full and strict tender applying in actions at law does not apply in a suit in equity to declare a deed a mortgage and to redeem, where defendant is alleged to be in possession receiving rents and profits and selling property, for which plaintiff seeks an accounting. p. 352.

3. MORTGAGES.—*Action to Redeem and for Accounting.—Complaint. — Allegations of Tender. — Sufficiency. —* In an action against the grantee in possession under a sheriff's deed to have such deed declared a mortgage and for redemption and an accounting, where the complaint alleged that plaintiff informed defendant that he was prepared to pay the debt and requested him to convey, and that the request was refused, and that defendant has since refused to accept the amount of the debt and convey, defendant cannot object that there was no sufficient allegation of tender, in view of the fact that he held the legal title and knew that only his conveyance would enable plaintiff to pay the debt. p. 352.

4. MORTGAGES.—*Mortgage or Deed.*—It is an elementary rule of equity that an instrument once a mortgage is always a mortgage. p. 353.

5. APPEAL.—*Review.—Findings.—Evidence.*—The finding of the trial court will not be disturbed on the weight of the evidence. p. 353.

6. APPEAL.—*Review.—Instructions.*—Objection that the court failed to indicate before the argument, in writing signed by the judge, such instructions as would be given and refused, is not available as error, where it does not appear by the record that any instructions tendered were signed by the appellant or his attorneys. p. 353.

7. APPEAL.—*Review.—Evidence.* — *Amount of Recovery.* — The court on appeal cannot weigh the evidence, which is principally in parol, to determine if the amount awarded is too small. p. 355.

8. APPEAL.—*Review.—Judgment.—Modification.—Failure to Present Motion in Trial Court.*—Objection that the judgment awards greater relief than was asked in the complaint is not available on appeal, where no motion was made in the trial court to modify such judgment. p. 355.

From Clay Circuit Court; *George M. Crane,* Special Judge.

Action by Morgan H. Ringo against Michael M. Doyle. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*A. W. Knight, Reginald H. Sullivan* and *Edward H. Knight,* for appellant.

*S. M. McGregor* and *McNutt & Shattuck,* for appellee.

MYERS, J.—This was an action by appellee against appellant by a complaint in two paragraphs, the first seeking to have a sheriff's deed declared a mortgage, and for an accounting between the parties, and to be permitted to redeem, and the second paragraph was an ordinary complaint to quiet title. The answer was a general denial. There was a trial by the court, with the question of fact submitted to a jury, for the advisement of the court, as to whether the sheriff's deed was taken as a mortgage, which the jury answered in the affirmative.

The first paragraph of complaint is attacked upon the ground that it alleges no tender of the amount due. The complaint alleges in substance that the plaintiff was on March 16, 1899, the owner of seventy-four acres of land in Clay County, Indiana, then and now of the value of $8,000; that on the latter date he mortgaged it to a third person to secure a note of $1,530; that thereafter the mortgage was foreclosed and the land sold and a certificate issued to the purchaser for the amount of the debt then $1,923.55; that

prior to the expiration of the year for redemption, and while he was taking steps to secure the money to redeem the real estate from the sale, defendant informed him that he had some money that was idle, and not yielding him any interest or income, and proposed to loan plaintiff a sufficient sum of money to redeem the real estate from the sale, and give him sufficient time in which to repay said loan, if he could or would secure the payment thereof; that thereupon it was agreed between them that defendant should furnish the plaintiff a sufficient sum of money to redeem the real estate at 6 per cent interest, to be paid in three years, that it was further agreed between them that to secure the payment of whatever amount of money defendant should loan plaintiff to redeem the real estate, defendant should procure and take an assignment of the certificate of purchase from the purchaser, and at the expiration of the year for redemption take a sheriff's deed therefor for the benefit of plaintiff, and hold said deed as security for the money he advanced to redeem the real estate, until the same was paid, with 6 per cent interest per annum; that relying on the agreement, he made no further effort to raise money to redeem the real estate, which otherwise he would have done; that in pursuance of, and in consideration of the agreement so made, defendant did procure, and take an assignment of the certificate, for the benefit of plaintiff, and thereafter on June 18, 1902, surrendered the certificate to the sheriff of Clay County, Indiana, and took a deed in his own name for the real estate, all in accordance with the agreement; that defendant in so doing laid out and paid for the benefit of plaintiff the sum of $2,079.44; that at the time defendant so furnished him the money to redeem the real estate, and took the sheriff's deed as security therefor, plaintiff was in possession of the real estate and so remained until the time hereinafter stated; that before the time when by the terms of the agreement the loan became due, he sold part of the real estate and went to defendant and informed him that he was then ready and

prepared to pay the sum of $2,079.44 so loaned as aforesaid, with interest thereon at the rate of 6 per cent per annum, and requested defendant to convey the real estate to the purchaser thereof, or to plaintiff upon the payment of said sum; whereupon defendant refused to convey the real estate either to the purchaser or to the plaintiff, and has ever since refused and still refuses to accept said sum so loaned plaintiff, or reconvey the real estate upon payment thereof, although plaintiff is now, and has been, ever since said time, prepared, willing and ready to pay said sum, principal and interest; that at the expiration of the time, when the sum became due and payable the defendant, without the consent of plaintiff, took possession of all said real estate and has ever since remained in possession thereof, taking and appropriating the rents and profits thereof to his own use, the amount of which plaintiff is unable to state, for the reason that defendant has failed and refused to account to plaintiff therefor, though often requested by plaintiff so to do. Other allegations follow, showing sale by appellant, after he took possession, of part of the land for sums aggregating $2,000, besides sales of coal and timber in large amounts in value to him unknown, and which he has no means of knowing, and has received the rents and profits in amounts to him unknown, and converted the whole to his own use, and refused to account for any part of the sums so received. Prayer for a decree declaring the deed a mortgage, for an accounting, and an offer, readiness, willingness, and ability to pay any sum found due, and for equitable relief.

It is not necessary under a complaint of this character, that a tender be alleged or made, if there is an offer therein made to pay whatever, if any, sum is found due. *Callahan* v. *Dunker* (1912), 51 Ind. App. 436, 99 N. E. 1021; *Brown* v. *Follette* (1900), 155 Ind. 316, 58 N. E. 197; *Horn* v. *Indianapolis Nat. Bank* (1890), 125 Ind. 381, 25 N. E. 558, 9 L. R. A. 676, 21 Am. St. 231; *Nesbit* v. *Hanway* (1882), 87 Ind. 400; *Coombs* v. *Carr* (1876), 55

Ind. 303; *Aetna Life Ins. Co.* v. *Stryker* (1906), 38 Ind. App. 312, 73 N. E. 953, 76 N. E. 822, 78 N. E. 245; *Kemp* v. *Mitchell* (1871), 36 Ind. 249; *Bowen* v. *Gerhold* (1904), 32 Ind. App. 614, 75 N. E. 46, 102 Am. St. 257.

2. The rule of full and strict tender in actions at law cannot in the nature of things apply in equity, in case of unliquidated accounts, and mutual indebtedness, such as is here shown, under allegations showing a mortgagee in possession receiving .rents and profits, and selling property, since without an accounting, a party cannot know what to tender, which is an indispensable requisite in liquidated accounts, or in an action at law. *Barr* v. *Vanalstine* (1889), 120 Ind. 590, 22 N. E. 965; *Conyngham's Appeal* (1868), 57 Pa. St. 474; *Green* v. *Brooks* (1889), 81 Cal. 328, 22 Pac. 849.

3. There is a direct allegation that appellee had sold part of the land and gone to appellant and informed him that he was ready and prepared to pay the debt, and requested him to convey to the purchaser or to him, and that the request was refused, and he has ever since refused to accept the money loaned by him or to convey. This was a direct demand and refusal, and while not an allegation of tender, a complaint is sufficient which substantially makes out a case. *Snyder* v. *Baber* (1881), 74 Ind. 47; *Whinery* v. *Brown* (1905), 36 Ind. App. 276, 279, 75 N. E. 605; *More* v. *Calkins* (1890), 85 Cal. 177, 24 Pac. 729; *Whittier* v. *Vaughan* (1847), 27 Me. 301; *Grady* v. *Hughes* (1890), 80 Mich. 184, 44 N. W. 1050; *Luddington* v. *Taft* (1851), 10 Barb. 447; *Bogardus* v. *Trinity Church* (1833), 4 Paige (N. Y.) *178; *Rippe* v. *Strogdill* (1884), 61 Wis. 38, 20 N. W. 645. No actual offer of the money necessary to pay the debt is alleged, but where as here the mortgagee holds the legal title to the *res,* knowing that only his transfer would enable the other party to pay, and it was his duty to accept the money owing him and convey, and the other party is in his power, he will not be heard in equity

and good conscience to say that a technical tender was not made, when he himself prevented it.    The complaint is sufficient.

It is urged by appellant on the evidence that the facts show that the transaction was not a loan of money, and taking the certificate and deed as security, but an extension of the time for redemption, and a conditional sale, and at the end of the period for redemption without redemption the title vested in him under the rule in *Turpie* v. *Lowe* (1902), 158 Ind. 314, 62 N. E. 484, 92 Am. St. 310; *Williams* v. *Hoffman* (1906), 39 Ind. App. 315, 76 N. E. 440.

4. Once a mortgage always a mortgage, is an elementary rule of equity jurisprudence.    There is evidence of the loan of money, and taking the certificate and deed as security for its repayment.    The court has

5. found that the transaction was a mortgage, and we cannot disturb the finding on the weight of the evidence.    There is also evidence in support of the allegations of tender and demand.

It appears by bills of exception that at the close of the evidence, and before the argument was begun, appellant

6. requested the court, in writing, to instruct the jury in writing and to indicate in advance of the argument what instructions would be given and to give in his behalf instructions Nos. 1-9, inclusive, and appellee also tendered instructions, and the court gave others of its own motion. That the court modified instructions Nos. 2, 3, 4 and 7, requested by appellant, by erasing portions and inserting other words.    The instructions as requested and also as modified are set out, the court giving those as modified as its own.    The court failed and neglected to indicate before the argument of counsel commenced, and before the jury was instructed, what instructions were to be given, and what instructions were to be refused, *by memorandum in writing and signed by the judge at the close of the instructions* (our

italics), and appellant objected to such changes and modifications, and to the giving of the instructions as thus modified, upon the ground that "such changes and modifications did not comply with the statute." This objection was overruled, and exception reserved. He then objected "to the giving of all and each of said instructions," which objection was overruled and exception reserved. It does not appear by the record that any instruction tendered by the parties was signed by them, or their attorneys. The motion for a new trial is not set out in the briefs, or the substance of any cause for a new trial, but under his eighteenth point the point is made that the failure of the court to indicate what instructions would be given "erroneously deprived appellant of the opportunity and power to discuss properly to the jury the law of the case as the court thereafter stated it, and to apply it to the evidence, so that a different finding favorable to appellant might have resulted, and been adopted by the court," and in his argument he refers to this subject as the thirteenth cause for a new trial. No attack is made on any instruction given or refused. We have thus presented the record as made, and without going into the question further, it is sufficient to point out that appellant grounds his claim of error on the statutory ground of the failure of the court to indicate *in writing*, signed by the judge, such instructions as would be given and refused. He overlooks the statutory requirement, quite as explicit, both under the act of 1881 (Acts 1881 p. 240, §533 R. S. 1881, subd. 4, §558 Burns 1908), and under the act of 1907 (Acts 1907 p. 652, §561 Burns 1908), that all instructions shall be signed by the party or his counsel. It nowhere appears that this was done, and we must presume that if the court failed to follow the statutory requirement it was because appellant had not tendered instructions signed by himself or his counsel. The reason for the rule is the same in each case, viz., to identify properly the instruction tendered, and the action of the court respecting it. It does not appear

that appellant put himself in a situation to have required the court to indicate its determination in writing, in addition to the fact that upon the whole record it is fairly open to the inference that the court's purpose as to giving and refusing instructions was known to the parties in advance of the argument, at least it does not appear that it was not. *Muncie, etc., Trac. Co.* v. *Black* (1909), 173 Ind. 142, 89 N. E. 845; *Starr* v. *State* (1903), 160 Ind. 661, 67 N. E. 527; *Collett* v. *State* (1900), 156 Ind. 64, 59 N. E. 168.

It is urged that the amount awarded appellant is too small, but we cannot weigh the evidence, which is principally in parol. Upon appellant's insistence we have 7. examined the evidence with care, and there is evidence ample to support the findings.

It is also urged that the court erred in entering a judgment for foreclosure of the mortgage, when he had not asked such relief. The judgment also is, that upon 8. payment of the amount found due, he should convey to appellee, or in default, a commissioner appointed should do so. Conceding without deciding that the portion of the judgment decreeing a foreclosure was erroneous, there was no motion to modify it, and there is nothing for this court to act upon.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 18. See, also, under (1) 27 Cyc. 1030, 1830; (2) 27 Cyc. 1030; (3) 27 Cyc. 1832, 1855; (4) 27 Cyc. 974; (5) 3 Cyc. 360; (6) 38 Cyc. 1769; (7) 3 Cyc. 380. As to maxim "Once a mortgage, always a mortgage," see 131 Am. St. 914.