## LAHR v. BROYLES ET AL.

[No. 12,788.   Filed March 31, 1927.]

1. APPEAL.—*Appellate tribunal cannot weigh the evidence.*—In determining whether the verdict was sustained by the evidence, an appellate tribunal is not allowed to weigh the evidence. p. 36.

2. VENDOR AND PURCHASER.—*Evidence held sufficient to sustain verdict for plaintiff in action for breach of contract to convey.*—In an action to recover damages for breach of contract to convey real estate theretofore owned by the plaintiff, evidence showing an extension of an option to purchase by accepting stipulated payments after they were due and by the sale and use of crops growing on the land, *held* sufficient to sustain a verdict for the plaintiff.   p. 36.

3. VENDOR AND PURCHASER.—*Acceptance of payment after time fixed by contract precludes forfeiture for nonpayment.*—Where the vendor of real estate, after the expiration of an option to repurchase the same, accepted payment for extension thereof, which should have been made before the expiration thereof, he would not be permitted to contend that the option had been forfeited for failure to make payment on the date fixed by the contract.   p. 36.

VOL. 86—3

4. TENDER.—*Where tender would be unavailing, it need not be made.*—It is a well-settled principle of law that where a tender or offer of settlement would be unavailing, it need not be made. p. 37.

5. VENDOR AND PURCHASER.—*Vendor's refusal to convey on one ground precludes his assertion of another.*—After refusing to convey land pursuant to an option held by plaintiffs, on the ground that plaintiffs refused to take care of his tenant thereon, the vendor will not be allowed to assert that there was not a sufficient tender. p. 37.

6. EVIDENCE.—*Refusal to allow party right to give his version of conversation testified to by other is error.*—It is a well-established rule of law that where one party is permitted to give in evidence a conversation, or a part of it, it is error not to permit the opposite party to give his version of the same conversation. p. 37.

7. APPEAL.—*Error in excluding testimony held harmless.*—Court's refusal to allow defendant to give his version of a conversation testified to by plaintiff was harmless error where plaintiff's witnesses had given substantially the same version as that offered to be proved by the defendant. p. 37.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

Action by John W. Broyles and another against Jacob M. Lahr. From a judgment for plaintiffs, the defendant appeals. *Affirmed.* By the court in banc.

*Lesh & Krieg,* for appellant.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

NICHOLS, J.—Action by appellees against appellant to recover damages for the alleged refusal of appellant to convey certain real estate under a contract of sale entered into between the parties.

There was an answer in two paragraphs and a reply in denial to the second paragraph of answer.

It is averred in the complaint that on and prior to July 5, 1923, appellees were the owners of the real estate involved and that they executed and delivered to appellant a quit-claim deed thereto in consideration for the

agreement on the part of appellant to pay certain liens and incumbrances thereon and to reconvey it to appellees in consideration of $11,138.52 to be paid by appellees at their option, on or before January 5, 1924, and, in the event of the failure of appellees to pay said sum on or before said date, they agreed to remove from said premises. Should appellees exercise the option granted, appellant agreed to convey to them by quit-claim deed said real estate free from all liens and incumbrances, except a certain mortgage of $7,500, not involved in this appeal. Appellees had the privilege of extending and renewing the option for succeeding six-months periods by paying to appellant $428.40 on or before the date on which said option for any six-months period should have expired. Appellees paid $428.40 to appellant on January 5, 1924, and a like sum on the July 5, 1924, and have duly performed the contract so as to keep alive the option given them.

On November 17, 1924, and at a time when the said option was in full force and effect, appellees offered to repurchase said real estate, and signified to appellant that they were ready, willing and able to carry out the contract of repurchase, and offered to pay to appellant said sum of money reserved by said contract as a sum of money to be paid to appellant to entitle appellees to a reconveyance of said real estate. But appellant refused to accept said sum of money so offered by appellees, and wholly denied the right of appellees to such reconveyance for which failure to reconvey, damages were demanded.

A trial by jury resulted in a verdict in favor of appellees for $500, upon which the court rendered judgment.

The errors relied upon for a reversal relate to the court's action in overruling appellant's motion for a new trial, under which appellant contends that the ver-

dict of the jury is not sustained by sufficient evidence, and is contrary to law, and that there was error in admitting certain evidence, hereinafter mentioned.

There is evidence to support the averments of the complaint except as to the time of the payment of $428.40 alleged to have been paid on January 5, 1924, and of the payment of a like sum on July 5, 1924. It appears by the evidence that the first payment was made in February, 1924, but that the same was accepted by appellant and applied for the purpose for which it was paid. It further appears by the evidence that appellees could not pay $428.40 on July 5, 1924, but that thereafter appellant said to appellee John W. Broyles that he desired to sell the oats and corn which was on the place and apply it to the contract; that appellee John said, in substance, that he would see about it, but that appellant did sell the hay and the oats, and that he thereafter "hogged" the corn. Appellee John also testified that the corn which had been "hogged" by appellant was of the value of $400. Appellant testified that the same was of the value of not to exceed $100, but in determining the sufficiency of the evidence to sustain the verdict, it is not the province of this court to weigh it. *Chicago, etc., R. Co.* v. *Schepper* (1921), 75 Ind. App. 669, 131 N. E. 232. It thus appears by evidence that appellant received from appellee $592 in crops which was more than was required to pay the interest and to extend the option from July 5, 1924, to January 5, 1925.

The court properly instructed the jury that appellant had his right to insist upon a forfeiture of the contract, or the termination of the option, first on January 5, 1924, because of a failure to pay at that date, and again on July 5, 1924, because of a failure again to pay the interest, but that if he accepted payment after these dates, he thereby waived his right

to terminate the option. Appellant having accepted payment after the date fixed for making the payment is not now in position to contend that the contract was forfeited for failure to pay on the date fixed therefor.

It appears by the evidence that in December, 1924, appellees told appellant that they were ready to settle with him and to pay off the mortgage, but that

4, 5. appellant refused to make the settlement for the reason that appellee declined to take care of his tenant whom he had arranged to place on the land. Appellees had made a sale of the farm, but were unable to consummate it for the reason that appellant declined to reconvey. Appellant says that there was no proper tender made at the time, but it is a well-established principle of law that where a tender or offer of settlement would be unavailing it is not necessary to make it. *Doyle* v. *Ringo* (1913), 180 Ind. 348, 102 N. E. 18, 20; *Beatty* v. *Miller* (1911), 47 Ind. App. 494, 94 N. E. 897, 899. Appellant may not refuse to settle on the ground that his tenant was not being taken care of and then be heard to say that there was no sufficient tender.

Finally, appellant complains that the court erred in the exclusion of testimony of appellant concerning a conversation which appellees by their witness

6, 7. had been permitted to give. It is a well-established rule of law, where one party is permitted to give a conversation or a part of it, it is error not to permit the opposite party to give his version of the same conversation, and, in this regard, the court erred. *American Steel Foundries* v. *Sech* (1919), 69 Ind. App. 538, 122 N. E. 347. But, under the circumstances of this case, the error was harmless for the fact which appellant offered to prove had, in substance, already been testified to by appellees' witness. There was no substantial conflict between appellant's offer to prove

and the testimony of appellees' witness. We find no reversible error.

Judgment affirmed.

Dausman, J., absent.