## MENTEN v. CHURCHMAN ET AL.

[No. 16,817. Filed June 17, 1942. Rehearing denied October 21, 1942. Transfer denied November 23, 1942.]

*Wm. A. Boyce, Jr.,* and *L. Russell Newgent,* both of Indianapolis, and *Arthur C. Van Duyn,* of Greenfield, for appellant.

*Donald L. Smith,* of Indianapolis, for appellee.

FLANAGAN, C. J.—Demurrers of appellees, except South Gilmore Mining Company upon whom service was never obtained, were sustained to appellant's sixth amended first paragraph of complaint which we will hereafter refer to as the first paragraph, and also to the fourth amended second paragraph of complaint which we will hereafter refer to as the second paragraph. Appellant has appealed from the judgment against him which followed, and assigned as error the sustaining of the demurrers above referred to.

The first paragraph of complaint alleges the following facts:

Appellee William F. Churchman, during the times involved, was a licensed and bonded securities dealer under the laws of Indiana, and appellee Western and Southern Indemnity Company furnished for him the required securities dealer bond; one Lewis C. Mullins was a stock and securities salesman and was the agent of Churchman and the South Gilmore Mining Company, an Idaho Corporation. The South Gilmore Mining Company had complied with the laws of this State and had qualified its stock for sale in Indiana and authorized Churchman and Mullins to act as its representatives and agents in the sale thereof. Lewis C. Mullins had never been registered as a dealer or agent under the

Indiana Securities Law (§ 25-811, Burns' 1933), which fact was known to both Churchman and the mining company. Mullins worked out of Churchman's office and Churchman informed appellant that Mullins was a trustworthy and reliable securities agent and appellant could rely on the statements of his salesman and agent Mullins with respect to the sale or contract for sale of stock in the South Gilmore Mining Company.

Appellant went to the office of appellee Churchman and there was sold at three different times contracts to purchase stock of the mining company. The contracts were in the nature of options. Thereafter appellant paid the sums required by the three contracts either in cash or by turning over other stock and demanded his stock in the mining company but did not receive it. Thereafter he learned that representations made to him had been false and he rescinded the contract and demanded return of the considerations he had paid. The complaint demanded judgment for the amount paid with interest and attorney fees.

The following violations of the Indiana Securities Act are alleged:

1. The options were fictitious and worthless because executed by Mullins as vice-president of the South Gilmore Mining Company when he was not such vice-president.

2. False representation that the stock of the mining company was a profitable investment.

3. False promise that appellant would receive a lucrative and official position with the mining company.

4. False representation that Mullins was a trustworthy and reliable security salesman.

5. False representation that the mining company stock would pay for itself out of current earnings and

would earn three times the money invested within three years.

6. Mullins was not registered by Churchman as an agent to deal in securities.

The allegations as to rescission are that appellant through his attorneys wrote to Churchman demanding return of his consideration and declaring that upon failure to comply within ten days suit would be commenced "to recover the same from you for money had and received and for fraudulent deceit and misrepresentation." To this letter Churchman's attorney replied as follows:

"Mr. William F. Churchman handed me your letter of March 7, relative to a demand made on him by you as attorneys for Clarence Menten, relative to certain Mining Stock purchased by Mr. Menten of Lewis Mullins.

"I am thoroughly familiar with the relations which existed between W. F. Churchman and W. F. Churchman & Company and Mullins, and I am decidedly of the opinion that there is no liability whatsoever on behalf of Mr. Churchman for the dealing between Menten and L. C. Mullins. In fact, I tried one case for Mr. Churchman in the Hancock Circuit Court, brought by a woman of Shelbyville, who purchased some of this stock from Mullins, and the court rendered judgment against Mullins and found in favor of Churchman.

"Mr. Churchman does not intend to pay Mr. Menten anything, as it is his opinion and my opinion that he is not in any way whatsoever liable.

"He also turned over to me your letter making a demand for one Clyde and Lona Walts. The same situation exists as to the Walts claim and it will not be paid."

Thereafter appellant's attorneys sent another letter to Churchman which stated that appellant had elected to rescind the contracts and offered to return them. No

answer was received to this latter letter and this suit was then instituted.

Appellees' demurrers challenge the sufficiency of the above first paragraph because it fails to allege a sufficient tender. Appellant contends that the letter of appellee Churchman's attorney denying all liability made a formal tender unnecessary. In reply to this contention appellees say that the first letter of appellant's attorneys threaten a suit "for money had and received and for fraudulent deceit and misrepresentation" only, did not mention rescission or violation of the Securities Law and therefore the answer merely denied liability in regard to the kind of action threatened.

But the letter of Churchman's attorney does not confine itself to denying liability in an action of the kind threatened. It states, "I am of the opinion that there is no liability whatsoever on behalf of Mr. Churchman for the dealing between Menten and L. C. Mullins." And again, "Mr. Churchman does not intend to pay Mr. Menten anything as it is his opinion that he is not in any way whatsoever liable." We think this is clearly a denial of all liability growing out of the transactions and relieved appellant of formal tender. See *Lahr* v. *Broyles* (1927), 86 Ind. App. 33, 155 N. E. 709.

The next question presented by the demurrers to the above first paragraph of complaint is whether any violation of the Indiana Securities Act, § 25-801 to § 25-823, Burns' 1933, is alleged.

Allegation number one described above is to the effect that the option contracts were fictitious in violation of § 25-822, subsection (k), because they were signed by Mullins as vice-president of the mining company, whereas he was not such vice-president. The conclusion that the contracts were fictitious

and worthless for the reason given is not warranted for the complaint specifically states that Mullins was authorized by the South Gilmore Mining Company to represent himself as its vice-president and was authorized by it to act as its agent and make sales of its stock which was duly qualified for and on its behalf.

Appellant does not point out wherein allegations numbered 2, 3 and 4 above are violations of the Securities Act nor do we find wherein they constitute a violation.

Allegation numbered 5 does, however, allege a violation of the Act. Subsection (c) of § 25-822, Burns' 1933, reads as follows:

"Whoever shall, for the purpose of selling any security in this state, fraudulently represent to the purchaser or prospective purchaser thereof the amount of dividends, interest or earnings which such security will yield, shall be deemed guilty of a violation of the provisions of this act and upon conviction thereof shall be imprisoned in the state prison for not less than one [1] nor more than five [5] years and fined in any sum not more than one thousand dollars [$1,000]."

Clearly a representation that the stock will pay for itself out of current earnings and will earn three times the money invested within three years is a representation as to earnings which such securities will yield and if fraudulent, is a violation of the act.

Allegation numbered 6 to the effect that Mullins was employed as an agent by Churchman to deal in securities without being registered as a dealer or agent is an allegation of violation of § 25-811, Burns' 1933, which requires all dealers and agents to be registered before engaging in such business.

We conclude that the allegations of plaintiffs' first paragraph of complaint charging violation of the Indi-

ana Securities Act, numbered above 1, 2, 3 and 4, dő not sufficiently charge violation of the act and allegations numbered 5 and 6 do sufficiently charge such violation.

The demurrers next charge that the first paragraph of complaint does not show violation of the Securities Act because the representations complained of concerned stock, whereas the contracts were for the purchase of options to buy stock. Appellees point out that options to buy stock may have a value entirely separated from the value of the stock itself. We recognize the correctness of appellees' statement but we do not agree that representations as to the stock itself thereby become immaterial. Representations as to the future earnings of the stock would be vital inducements in the sale of options to purchase the stock.

Appellee next points to the fact that the contracts are executed either by Mullins, vice-president, or by South Gilmore Mining Company by Mullins, vice-president, and says they were therefore not the contracts of Churchman. However, the complaint alleges that the sales of the contracts were made by Mullins as the agent of Churchman and it is the sale of the contracts which the complaint alleges to be in violation of the Securities Act. It is immaterial who were the parties to the written instruments where their very sale constitutes the violation.

The demurrer of appellee Western and Southern Indemnity Company challenges the first paragraph of complaint on the additional theory that Mullins was an unregistered agent whereas its bond under the statute covers only Churchman and his registered agents.

The provision involved (§ 25-811, Burns' 1933), reads as follows:

"Every applicant for a dealer's license shall also file with his application a bond in the sum of five thousand dollars [$5,000] running to the state of Indiana in such form, if any, as the commission may designate, such bond to be conditioned upon the faithful compliance with the provisions of this act by said dealer and by all agents registered by him. . . ."

We cannot agree with the suggested interpretation that this provision limits the liability of the bondsman to the acts of the dealer himself and those of his agents who are duly registered. Rather we think it clear that this provision makes the bondsman liable for the acts of the dealer whether done personally or through his agents and employees while acting within the scope of their agency or employment and also for all acts of agents registered by him whether acting within the scope of their agency so as to bind the dealer or not. Any other interpretation would result in an inconsistency for the act requires all agents to be registered and the very appointment by the dealer of an unregistered agent would be failure to comply with the provisions of this act.

We conclude that the trial court erred in sustaining the demurrers to the sixth amended first paragraph of complaint.

Appellant's fourth amended second paragraph of complaint is a common-law action for fraud.

Appellant fails to point out wherein the allegations as to misrepresentations are sufficient to constitute the basis of actionable fraud and our examination fails to reveal to us any allegations that are sufficient.

No error was committed in sustaining the demurrers to the fourth amended second paragraph of complaint.

Judgment reversed with instructions to sustain the demurrers as to the fourth amended second paragraph

of complaint and to overrule the demurrers to the sixth amended first paragraph of complaint and for further proceedings consistent with this opinion.

NOTE.—Reported in 42 N. E. (2d) 426.